Dear Representative Strain:
This office is in receipt of your request in regard to preventative screening with Ultra Sound technology for CardioVascular Disease. The issue presented is whether the procedure by the Med-Screen Company is considered the practice of medicine inasmuch as the Louisiana Board of Medical Examiners has taken the position that this screening requires a physician's order. Meda-Screen Company, who indicates it has screened over 4,000 people, and has identified thousands who needed medical treatment, takes the position that screening tests for the purpose of identifying asymptomatic individuals is not practicing medicine but is merely screening.
In R.S. 37:1262 the following definition is set forth:
 (1) "The practice of medicine, surgery, or midwifery" means the holding out of one's self to the public as being engaged in the business of, or the actual engagement in, the diagnosing, treating, curing, or relieving of any bodily or mental disease, condition, infirmity, deformity, defect, ailment, or injury in any human being other than himself, whether by the use of any drug, instrument or force, whether physical or psychic, or of what other nature, or any other agency or means; or the examining, either gratuitously or for compensation, of any person or material from any person for such purpose whether such drug, instrument, force, or other agency or means is applied to or used by the patient or by another person; or the attending of a woman in childbirth without the aid of a licensed physician, surgeon or midwife. (Emphasis added.)
From this definition it appears pertinent that it includes the holding out of one's self as being engaged in "the diagnosing * * * of any bodily * * * condition * * * by the use of any * * * instrument * * *; or the examining * * * of any person for such purpose whether such * * * instrument * * * is applied to or used by the patient or by another person * * * ."
In this regard we find the observation of the court in Baque v.Pan-American Life Insurance Company, 313 So.2d 293 (La.App 3 Cr. 1975) relevant wherein it was held that "treatment" is the broad term covering all the steps taken to effect a cure of injury or disease, and "includes examination and diagnosis, we well as application of remedies." The court stated, "The evidence clearly establishes that the doctors' examinations, diagnostic studies and treatment were reasonably necessary to determine the cause, nature and extent of cardio involvement suffered * * *. This is all part of the "treatment" covered by the policy."
We must conclude that the screening constitutes an examination, although it is not clear whether Meda-Screen also makes a diagnosis. We do note that the letter from Meda-Screen does state it has screened over 4,000 people "and has identified thousand who were asymptomatic and needed medical treatment."
However, as observed above the court has stated that examination is a part of treatment which is consistent with the quotation by this office in Atty. Gen. Op. No 93-35 in setting forth the definition of "Practice of Medicine" from Black's Law Dictionary as the treatment of injuries "as well as the discovery of the cause and nature of disease, and the administration of remedies, or the prescribing therefor."
Consequently, we would conclude the testing for evidence of disease falls within the definition in R.S. 37:1262 of "the practice of medicine" as including diagnosing, treating, curing or relieving of an ailment by use of any drug or instrument or "the examining" of any person for such purpose.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr